UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MARY ANN HAMBY,**

    **Plaintiff,**

v.                                                   **Case No: 5:17-cv-102-Oc-18PRL**

**COMMISSIONER OF SOCIAL
SECURITY**

    **Defendant.**

### REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be affirmed.

**I.   BACKGROUND**

On July 26, 2013, Plaintiff filed applications for DIB and SSI benefits, alleging disability beginning January 23, 2012. (Tr. 242-43, 244-49). The claim was denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on September 10, 2015, where both the Plaintiff and an impartial vocational expert testified. On November 17, 2015, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 29-37). Plaintiff's request for review was denied by the Appeals Council (Tr. 3-9), and Plaintiff

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

initiated this action on March 14, 2017. (Doc. 1). Plaintiff has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff has the following severe impairments: lumbar and cervical spine disorder and obesity. (Tr. 31). The ALJ found that the Plaintiff has the residual functional capacity to perform a full range of medium work. (Tr. 32). Based on this RFC, and considering Plaintiff's age, education, and work experience, the ALJ concluded that a finding of "not disabled" is directed by Medical Vocational Rule 203.29. (Tr. 36). Accordingly, the ALJ determined that Plaintiff is not disabled. (Tr. 36).

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the

evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III.  DISCUSSION

#### A. The RFC is supported by substantial evidence

A review of the record shows that substantial evidence supported the ALJ's conclusion that Plaintiff could perform medium work. Specifically, the ALJ relied upon Dr. Csizinszky's consultative exam and opinion, [2] medical records showing mild objective findings and conservative treatment, and Plaintiff's ability to work and collect unemployment after her allegedly disabling injuries.

Since 2008, Plaintiff has been treated at Southeastern Rehabilitation Medicine for several work-related injuries. The ALJ noted that while Plaintiff reported significant neck and back pain, diagnostic imaging revealed only mild to moderate degenerative changes with no acute abnormalities. (Tr. 34, 360-66). The ALJ also noted that Plaintiff's treatment was conservative,

---

[2] The ALJ incorrectly attributed Dr. Csizinszky's exam and opinion to Dr. Choksi. (Tr. 34). While Dr. Choksi's name was on the report (Tr. 544-47), it was actually signed by Alexander P. Csizinszky, M.D. Plaintiff does not raise this error as an issue on appeal and the error was harmless at most.

including pain medications (which gave her some relief) and physical therapy. (Tr. 34). *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996).

In November 2011, Plaintiff reported that her back was doing "reasonably well" and she was working 30 hours a week without restriction. (Tr. 388). Following Plaintiff's alleged January 2012 onset date, Penny Giovanetti, D.O., reported that Plaintiff could ambulate without assistance and continued Plaintiff on medication. (Tr. 446-47, 448-49, 450-51, 452-53, 454-55). In December 2012 and February, April, May, July, October, and November 2013, Nadeem Hussain, M.D., noted that Plaintiff had mostly full motor strength, normal reflexes, and did not use an assistive device (Tr. 425, 428-29, 433, 435-36, 438, 441, 444) and he instructed Plaintiff to perform home exercises and treated her with medication. (Tr. 425, 429, 433, 436, 439, 442, 445). Treatment notes show that throughout 2014, Plaintiff reported that mediation was helpful for pain and function and her treatment was limited to home exercises and medication. (Tr. 480-82, 483-88, 489-91, 492-93, 501-05, 510-13, 527-29, 530-32, 533-35, 536-39, 540-43, 498-500). In May and June 2014, Dr. Hussain noted that Plaintiff was using a cane but there is no evidence that it was prescribed. (Tr. 482, 483). At the hearing, Plaintiff testified that she was only taking over the counter pain medications. (Tr. 34, 53). Conservative treatment and mild diagnostic findings support the ALJ's conclusion that Plaintiff can perform medium work.

The fact that after her most recent work injury Plaintiff was able to work for 30 hours a week, without restrictions supports the ALJ's determination that Plaintiff could perform medium work (and undercuts her claim of disabling limitations). (Tr. 34, 386); s*ee e.g., Draughon v. Comm'r of Soc. Sec.*, 706 Fed.Appx. 517, , 2017 WL 3446883, at *3 (11th Cir. August 11, 2017) (noting that plaintiff's continued work after his accident undercut claims of disability). Also supportive of the ALJ's decision was Plaintiff's admission that she stopped working because her

position was terminated and the fact that she received unemployment benefits. (Tr. 49-50, 261). *See e.g.,* Fla. Stat. §§ 443.036, 443.091 (2016) (in order to receive unemployment, applicant must certify that she is ready, willing, and able to work).

In November 2011 (two months before the alleged onset and six years before the ALJ's decision), Dr. Giovanetti limited Plaintiff to light work with frequent position changes. (Tr. 389). As the ALJ noted, the opinions of treating physicians are entitled to substantial or considerable weight unless "good cause" is shown to the contrary. (Tr. 35); *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1159 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). With good cause, an ALJ may disregard a treating physician's opinion, but she "must clearly articulate [the] reasons" for doing so. *Id*. at 1240-41. "In the end, the ALJ may reject the opinion of any physician if the evidence supports a contrary conclusion." *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 Fed. App'x 875, 877 (11th Cir. 2013) (*citing Syrock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985).

The ALJ considered Dr. Giovanetti's opinion and gave it little weight explaining that it was outdated, not supported by objective evidence and was inconsistent with Plaintiff's conservative treatment. (Tr. 35). The ALJ noted that the majority of treatment notes from Southeastern consisted of Plaintiff's self-reported pain level and her self-reported activity level. The objective physical examination findings were fairly normal and imaging studies showed mild degenerative changes. He also noted that treatment had been conservative; medications and physical therapy, but no injections or recommendations of surgical intervention. The ALJ noted

that Plaintiff had been taken off of prescription pain medications was now treating with Aleve and ice packs.

Without explaining how the ALJ erred, Plaintiff simply argues that "no reasonable person" would reject the opinion of Dr. Giovanetti (and the other doctors at Southeastern) because of the lengthy treatment history. (Doc. 17 at 20). However, where, as here, the ALJ articulated good cause, supported by substantial evidence for not fully crediting the opinion of Dr. Giovanetti, this Court will not reweigh the evidence, or substitute its own judgment for that of the Commissioner.

Following the hearing, the ALJ referred Plaintiff for a more recent consultative examination with Dr. Csizinszky. (Tr. 544-47). On September 24, 2015, Dr. Csizinszky interviewed Plaintiff, reviewed medical records, and conducted a physical examination. On examination, his findings were mostly normal, including normal gait and motor strength. Dr. Csizinsky diagnosed Plaintiff with low back pain, pain in her left lower limb, and neck pain. (Tr. 547). He also noted that Plaintiff is capable of driving a vehicle, able to change clothes and perform self-hygiene and cook/clean for self as activities of daily living, and is able to interact in public and maintain a sufficient level of functional ability by completing basic housework, grocery shopping and is able to manage her own personal finances.

Dr. Csizinszky also completed a medical source statement of ability to do work-related activities. (Tr. 549-54). He opined that Plaintiff can perform work at the medium exertional level and has no medical need for a cane. The ALJ accorded great weight to this assessment because it was more recent and it was based on Dr. Csizinszky's normal findings on the physical examination. Accordingly, Dr. Csizinszky's examination and opinion provide substantial evidence supporting the ALJ's decision. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); *Stone*, 544 F. App'x at 843.

Thus, the ALJ thoroughly considered the evidence and his decision is supported by substantial evidence. The relevant inquiry is not whether some evidence might support a different conclusion, but whether substantial evidence supports the ALJ's decision. In this case, it does.

### B.  The ALJ properly evaluated Plaintiff's subjective complaints

Plaintiff vaguely argues that the ALJ failed to properly evaluate her subjective complaints. The ALJ found that while Plaintiff's medically determinable severe impairments could reasonably be expected to cause the alleged symptoms, her statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (R. 33). Substantial evidence supports the ALJ's finding that Plaintiff's subjective complaints regarding disabling pain and limitations were not entirely supported by the record.

If an ALJ decides not to credit a claimant's testimony about subjective complaints, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995); *Jones v. Department of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (finding that articulated reasons must be based on substantial evidence). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

As discussed above, the ALJ found that Plaintiff's mild objective findings and conservative treatment, Dr. Csizinszky's consultative examination and opinion, and Plaintiff's ability to work and collect unemployment after her allegedly disabling injury were inconsistent with disabling limitations. Plaintiff generally asserts that the ALJ erred in not giving full credence to Plaintiff's testimony, however, she fails to identify any specific error in the ALJ's evaluation of the subjective

complaints. Accordingly, the ALJ articulated explicit and adequate reasons, based on substantial evidence, for discrediting Plaintiff's subjective complaints.

### C. The ALJ properly considered Plaintiff's obesity

Plaintiff also asserts that the ALJ failed to properly evaluate her obesity. Plaintiff cites SSR 02-1p for the proposition that obesity can cause limitations and that it can also impact other impairments. However, Plaintiff fails to identify how the ALJ erred in assessing the effects of her obesity on her ability to work. (Doc. 17 at 17-20).

The ALJ found Plaintiff's obesity to be a severe impairment at step two. (Tr. 31). Then, in the RFC assessment, the ALJ discussed SSR 02-1p and acknowledged that obesity may adversely impact co-existing impairments and may limit an individual's ability to sustain activity on a regular and continuing basis during an eight-hour day, vie day-week, or equivalent schedule. (Tr. 33-34). The ALJ considered the evidence, including Plaintiff's obesity, in assessing the RFC. (Tr. 33-35). Plaintiff failed to show that her obesity (along with her other impairments) caused additional functional limitations.

### IV. RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be AFFIRMED under sentence four of 42 U.S.C. § 405(g).

**DONE and ORDERED** in Ocala, Florida on March 13, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties